UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL C. ANIGBOGU,<br><br>    Plaintiff,<br><br>v.<br><br>ALEJANDRO N. MAYORKAS,<br><br>    Defendant. | Case No. 21-cv-07419-TSH<br><br>**ORDER GRANTING MOTION TO DISMISS AND MOTION FOR LEAVE TO AMEND; ORDER CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. Nos. 19, 26 |

## I. BACKGROUND

Plaintiff Michael Anigbogu worked as an Asylum Officer in San Francisco with United States Citizenship and Immigration Services, a component of the Department of Homeland Security. Compl. ¶¶ 4, 7, ECF No. 1. Plaintiff states he is African American, Black, of Nigerian origin, and age 69. *Id.* ¶¶ 6, 50. Plaintiff applied for a Senior Asylum Officer position in December 2016 but was not selected by the Asylum Office Director to interview for the position and was not selected for the role. *Id.* ¶ 17; ECF No. 1-3 at 3 (Pl.'s Dept. of Homeland Security Compl. for Emp't Discrimination).

On September 23, 2021, Plaintiff filed the present complaint against Defendant Alejandro Mayorkas, Secretary of the Department of Homeland Security, alleging nine claims for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34 ("ADEA"), and constructive discharge in violation of 42 U.S.C. § 1981. Defendant now moves for an order dismissing certain of those claims. ECF No. 19. Plaintiff filed a response (ECF No. 24) and Defendant filed a reply (ECF No. 25). Plaintiff has also filed a motion for leave to file an amended complaint (ECF No. 26), which Defendant does not oppose (ECF No. 28). The Court

previously found these matters suitable for disposition without oral argument.[1]  ECF No. 27.

## II.   MOTION TO DISMISS

Defendant first argues Plaintiff's claims of hostile work environment under Title VII and the ADEA and constructive discharge must be dismissed for lack of jurisdiction because Plaintiff did not exhaust the required administrative process with respect to these claims.  Mot. at 8-13.  In his response, Plaintiff concedes that he did not exhaust these claims.  Opp'n at 3-4.  Accordingly, the Court **GRANTS** Defendant's motion and dismisses these claims with prejudice.

Defendant moves for an order dismissing Plaintiff's punitive damages claims because such relief is not available against federal employers.  Mot. at 15.  Plaintiff concedes that his claims for punitive damages are not cognizable against a federal employer.  Opp'n at 5.  Thus, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's punitive damages claims with prejudice.

Defendant further argues the Court must strike Plaintiff's request for a jury trial and for compensatory and liquidated damages with respect to his claims under the ADEA because a jury trial is not available for ADEA claims against the federal government and liquidated and compensatory damages are not available for his ADEA claims.  Mot. at 15-16.  In his response, Plaintiff concedes that he is not entitled to a jury trial, liquidated damages, or compensatory damages with respect to his ADEA claims.  Opp'n at 5.  Accordingly, the Court **GRANTS** Defendant's motion and **STRIKES** Plaintiff's request for a jury trial and for compensatory and liquidated damages with respect to his claims under the ADEA.

Finally, Defendant argues the Court should dismiss Plaintiff's claims for attorney's fees because he is proceeding pro se.  Mot. at 16.  In his response, Plaintiff acknowledges that he is not entitled to attorney's fees for this reason.  Opp'n at 6.  Accordingly, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's claims for attorney's fees.

## III.   MOTION FOR LEAVE TO AMEND

Plaintiff has also filed a motion for leave to file an amended complaint "to streamline his complaint to make it more consi[s]tent and in line with the outcomes of the combined effects of

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  ECF Nos. 6, 23.

the Defendant's Motion to Dismiss and the Plaintiff's response and concessions[.]" ECF No. 26. Under Federal Rule of Civil Procedure 15(a)(1), a party "may amend its pleading once as a matter of course" within 21 days after that pleading is served, or within 21 days after service of a responsive pleading or motion under Rule 12. Here, Defendant served the motion to dismiss on March 24, more than 21 days before Plaintiff requested leave to amend. Accordingly, amendment is allowed with the opposing party's consent or leave of the court. Fed. R. Civ. P. 15(a)(2).

The Court considers five factors in deciding a motion for leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). The rule is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citation omitted). Generally, a court should determine whether to grant leave indulging "all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [or] futility of amendment, etc.'" *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The Court finds good cause exists to permit an amended complaint. As to the first two factors, the proposed amendment is not sought in bad faith or with a dilatory motive. Plaintiff concedes that certain claims should be dismissed in his original complaint, and he seeks to bring his pleadings in line with those concessions.

As to the third factor, "it is the consideration of prejudice to the opposing party that carries the greatest weight. *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). However, Defendant does not oppose the request to amend. Further, the case remains in the pleading stage, no case management deadlines have been established, and Plaintiff seeks to amend after conceding to the arguments raised in Defendant's

1  motion to dismiss.

2  Under the fourth factor, "[a] motion for leave to amend may be denied if it appears to be
3  futile or legally insufficient. However, a proposed amendment is futile only if no set of facts can
4  be proved under the amendment to the pleadings that would constitute a valid and sufficient
5  claim[.]" *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citations omitted).
6  Further, even if Defendant were to argue the legal insufficiency of Plaintiff's proposed amendment
7  (which he has not), "'[t]he merits or facts of a controversy are not properly decided in a motion for
8  leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or
9  for summary judgment.'" *Allen v. Bayshore Mall*, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9,
10 2013) (quoting *McClurg v. Maricopa Cty.*, 2010 WL 3885142, at *1 (D. Ariz. Sept. 30, 2010)).
11 Thus, "'denial [of a motion for leave to amend] on this ground is rare and courts generally defer
12 consideration of challenges to the merits of a proposed amended pleading until after leave to
13 amend is granted and the amended pleading is filed.'" *dpiX LLC v. Yieldboost Tech, Inc.*, 2015
14 WL 5158534, at *3 (N.D. Cal. Sept. 2, 2015) (quoting *Clarke v. Upton*, 703 F. Supp. 2d 1037,
15 1043 (E.D. Cal. 2010)).

16 Finally, as Plaintiff has not previously sought leave to amend, the fifth factor also weighs
17 in his favor. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (courts have
18 broader discretion in denying motions for leave to amend after leave to amend has already been
19 granted) (citing *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)).

20 Accordingly, the Court **GRANTS** Plaintiff's motion for leave to file an amended
21 complaint. Plaintiff shall e-file his first amended complaint as a separate docket entry by May 16,
22 2022. Defendant shall file any responsive pleading within 14 days thereafter.

23 The case management conference, currently scheduled for May 26, 2022, is
24 **CONTINUED** to June 16, 2022 at 10:00 a.m. All related deadlines are adjusted accordingly.

25 **IT IS SO ORDERED.**

26 Dated: May 2, 2022

THOMAS S. HIXSON
United States Magistrate Judge

4